**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ADENIYI BABALOLA,                               )
                                                )
                         Petitioner,            )
                                                )
            v.                                  )    Civil Action No. 3:26-cv-1185
                                                )
LEONARD ODDO *et al.*,                          )
                                                )
                         Respondents.           )

**MEMORANDUM ORDER**

I.      INTRODUCTION

Presently pending before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). The Petition will be granted. The Writ shall issue, and Petitioner shall be afforded a bond hearing.

Petitioner Adeniyi Babalola ("Petitioner") is a native and citizen of Nigeria who was admitted into the United States on August 13, 2012, on an academic student visa. Petitioner's status was terminated on March 6, 2013, for failure to maintain status, and, after a passage of time, was detained on September 18, 2024, and is now detained by Immigration and Customs Enforcement ("ICE") at Moshannon Valley Processing Center.

II.     DISCUSSION

Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under 8 U.S.C. § 1225(b)(2), and, therefore, he is entitled to a bond hearing. In reaching this conclusion, this judicial officer is mindful of the interpretive canon of constitutional avoidance[1] and is constrained by what is believed to be controlling authority on this

---

[1]    In addition to his statutory arguments, Petitioner also asserts an alleged constitutional violation of the Due Process Clause as an additional basis in support of his Petition. Respondents acknowledge that there may come a time when mandatory civil detention without a bond hearing becomes unreasonable and thus unconstitutional. *See German*

issue. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (Alito, J.). Absent authority from the Supreme Court or the Third Circuit instructing a different interpretation, this judicial officer follows *Jennings* and joins district court judges within the Third Circuit in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens such as Petitioner who are already present in the United States when detained and thus not "seeking" admission. *See R.M. v. Oddo,* No. 3:26-cv-1117, 2026 WL 2209677 (W.D. Pa. July 31, 2026) (Hardy, J.); *see also, e.g.*, *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.) (holding that "§ 1225(b)(2) is tethered more closely to the border and speaks to the potential detention of aliens there, whereas § 1226(a) applies more readily to the potential detention of aliens who have been living within the country"); *Alvarez v. Noem*, No. 3:26-cv-73, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.) (same); *Silva Cova v. Rose*, No. 3:26-cv-101, 2026 WL 376921 (W.D. Pa. Feb. 11, 2026) (Stickman, J.) (same). Accordingly, the Court holds that Petitioner has a statutory right to an individualized bond hearing.

III.    CONCLUSION

Therefore, for the reasons set forth, Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

Accordingly, the Court enters the following Order:

---

*Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020) (analyzing detention and Due Process Clause limits under §1226(c)). However, the Supreme Court has held that detention during removal proceedings is a constitutionally permissible part of that process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that detention beyond the removal period per 8 U.S.C. § 1231 for a period of less than six months pending removal is presumed constitutional). As noted above, the parties (and other courts) have sparred over competing interpretations of §§ 1225 and 1226, thus part of the Court's consideration when interpreting these statutory provisions is whether a particular interpretation would avoid implicating a constitutional concern. *See Clark v. Martinez*, 543 U.S. 371, 380-82 (2005); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025). The Court's conclusion that § 1226 applies here, and that Petitioner is entitled to a bond hearing thereunder, is based in part upon this canon of constitutional avoidance. Consequently, the Court need not address Petitioner's constitutional basis to grant his Petition.

AND NOW, this 5th day of August, 2026, IT IS HEREBY ORDERED that Petitioner Adeniyi Babalola's Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

The Petition is GRANTED to the extent that the Writ shall issue on the following terms:

1. Within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226 in accordance with applicable regulations.

The Petition is DENIED in all other respects.

The Clerk of Court shall mark this case closed.

/s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
Adeniyi Babalola (via U.S. Mail)

3